LUCILLE D. HENLEY, Individually and as Executrix
of J. W. HENLEY, Deceased, Complainants-Appellees,
v. SETH HASTINGS et ux., MARCELLA K.
HASTINGS, OTTO F. BUDDENBOHM et ux.,
EVA BUDDENBOHM, Defendants-Appellants.
—441 S.W.2d 64.

Western Section. February 28, 1968.

Certiorari Denied September 3, 1968.

428

W. C. Rodgers, Memphis, for appellants.

Stanley Moise, Thomas F. Johnston, Memphis, for appellees.

CARNEY, J. This is a companion suit to In re Estate of J. W. Henley, deceased, Claim of Seth Hastings and Otto F. Buddenbohm, on appeal in this court from the Probate Court of Shelby County, Tennessee. At the request of solicitor for appellants we have considered the

two cases together. Opinion in each case has been written by the same member of the court and opinions in both cases are being announced at the same time.

In this cause Seth Hastings and Otto F. Buddenbohm have appealed from the decree of the Chancery Court of Shelby County, Tennessee, which rejected evidence seeking to attack a deficiency judgment against them in the Circuit Court of Shelby County, Tennessee, and denying them the right to rely upon a plea of setoff based on a note of $20,000 allegedly due and owing by the estate of J. W. Henley to them.

The original complainants, J. W. Henley and wife, Lucille D. Henley, recovered a judgment of $12,032.71 and costs of suit against appellants Seth Hastings and wife, Marcella, and Otto F. Buddenbohm and wife, Eva, in the Circuit Court of Shelby County, Tennessee, on July 6, 1964. This judgment was affirmed by the Western Section of the Court of Appeals at Jackson on May 4, 1965, without a hearing on the merits because no assignment of error and brief were filed. The original bill averred that all four defendants had testified in Circuit Court that they had no assets subject to execution at law; that the complainants had no knowledge of any property of the said defendants and were entitled to subject the equity of defendants Otto F. Buddenbohm and wife, Eva Buddenbohm, in two lots in Shelby County, Tennessee, to the payment of said judgment. The Standard Mortgage Company and National Trust Life Insurance Company as the holders of first liens on the two lots, along with the trustees in the deeds of trust, were made parties defendant; also Larkin-Gowan, Inc., real estate agent, as the holder of a lien on one of the lots was made party defendant. J. W. Henley died January 15, 1966, before

trial below and the cause was revived in the name of Lucille D. Henley, executrix.

The defendant judgment debtors, Hastings and wife and Buddenbohm and wife, contended first, that the judgment was procured by fraud in the procurement of the original contract for the sale of real estate out of which the judgment resulted; and also that the defendants were entitled to a setoff represented by a $20,000 note allegedly executed by J. W. Henley to Seth Hastings and Otto Buddenbohm. The Chancellor rejected evidence to attack the judgment and refused to allow the plea of setoff of the alleged $20,000 note. He rendered a decree adverse to the judgment debtors, Seth Hastings and wife and Otto Buddenbohm and wife; declared the rights of all the parties in the real estate and ordered a sale of one of the lots. The other lot had already been sold by consent and the net proceeds paid into court. The defendants, Seth Hastings and wife and Otto Buddenbohm and wife, have appealed.

On August 13, 1962, the defendant-appellant, Seth Hastings, entered into a contract to purchase from appellees, J. W. Henley and wife, Lucille Henley, 22.3 acres of land located on Holmes Road in Shelby County, Tennessee, for the purpose of operating a country club. Hastings was unable to finance the project by himself. On June 17, 1963, he persuaded the appellant Otto F. Buddenbohm to join him in the venture and the purchase was consummated. The appellants Hastings and Buddenbohm contend and offered testimony to support their insistence that the defendant-appellee M. V. Gowan of Lark-Gowan, Inc., real estate agent, produced a temporary permit for the appellants to operate a country club; that on the basis of Gowan's assurance that they were

authorized to operate a country club the appellants agreed to purchase the land on Holmes Road at a total price of $80,000. The terms of the purchase were as follows: (1) $1,750.00 cash; (2) assumed an indebtedness of $20,000 held by Leader Federal Savings and Loan Association; (3) assumed an indebtedness of $25,000 held by Commercial and Industrial Bank; (4) gave a promissory note for $4,250 due in 90 days which was delivered to Larkin-Gowan Realty Company, Inc., as a commission; (5) gave a note of $27,883.47 payable to the order of J. W. Henley and wife secured by a secondary trust on the property being purchased.

Hastings and Buddenbohm took possession of the property and for a short period of time began promotion of a country club. They were informed by county authorities about October 1, 1963, that they could never operate a country club because they did not have a minimum of 25 acres of ground in the project. According to the testimony of Buddenbohm and Hastings the original sellers, J. W. Henley and wife, set about to foreclose their deed of trust on fictitious grounds, namely that they had failed to obtain and furnish certain insurance on improvements as required by the terms of the deed of trust even though at the time of the declaration of foreclosure Buddenbohm and Hastings were current with all insurance and current with all payments on the purchase money notes. No effort was made by Hastings and Buddenbohm to enjoin the foreclosure.

On November 5, 1963, the equity of Buddenbohm and Hastings was sold at public outcry as provided by the terms of the deed of trust and purchased by the original sellers, J. W. Henley and wife, at a price of $19,000. Hastings and Buddenbohm vacated the property. There-

after, Henley and wife brought a suit in the Circuit Court of Shelby County, Tennessee, and obtained a judgment for $12,032.71 representing the deficiency on the $27,000 purchase money note originally signed by Buddenbohm and Hastings.

Personal service was had upon Buddenbohm and Hastings in the Circuit Court of Shelby County and they retained Mr. Raymond Briggs, an experienced attorney of Shelby County, Tennessee, to represent them. Several continuances of the case were had at the request of the defendants.

On July 6, 1964, the suit came on for trial before the Honorable Greenfield Polk, Judge of the Circuit Court, and the defendants appeared in court and asked for an additional continuance on the grounds that their attorney, Mr. Raymond Briggs, was still out of town. Mr. Alvin Gregory, an attorney in the office of Mr. Raymond Briggs, made the request for the additional continuance. The Trial Judge sent for Mr. Albert Bernstein, an attorney of Memphis, Tennessee, who had previously appeared in court and asked that the case be passed. We quote the following colloquy between the court and Mr. Bernstein:

"THE COURT: Mr. Bernstein, you got away without having anything to say. This matter is of such a nature that I want to hear from you.

"MR. BERNSTEIN: Yes, your Honor, I came up for that purpose, but somehow the opportunity slipped away, and I had a contested case set in number VII, so I went down there and got rid of that.

"May it please the Court, the clients in this case, one of them, met with me the day your Honor passed the case.

"THE COURT: That was last Thursday, wasn't it?

"MR. BERNSTEIN: Thursday. And the clients were unable to meet with my requirements. So they now have got Mr. Gregory here in court for them, who is associated with their real lawyer, Raymond Briggs, that they already had. Whatever the Court asks me to do, I will do. I would like to be permitted to leave, but I am at the Court's order.

"THE COURT: I am not going to impose on you, Mr. Bernstein. I have no right to do that and I wouldn't think of doing it. They didn't meet with the requirements, and that is all you have to say to this Court. I think I understand that. But this case is going to be proceeded with today."

\*       \*       \*       \*       \*       \*

"I am going to proceed with it today on the basis of the record as it now stands, and we are going to try this case from start to finish beginning right now."

Thereupon, His Honor the Trial Judge insisted that the case go to trial and the defendants were represented by Mr. Gregory. The record of the trial in the Circuit Court is incomplete but we infer that the defendants did testify that they were not in default on their deed of trust and that they were not indebted for the alleged deficiency on the promissory note. His Honor the Trial Judge ruled adversely to the defendants and gave judgment for $12,032.71. The attorney, Mr. Gregory, filed motion for a new trial and perfected an appeal on the pauper's oath to the Western Section of the Court of Appeals at Jackson. However, he never had prepared and filed a bill of exceptions and he never filed any assignments of error

or brief in the Court of Appeals. On May 4, 1965, this court affirmed the judgment of the Circuit Court of Shelby County.

The appellants contend that Mr. Gregory was drunk at the time he represented them in Circuit Court and that in addition he was thoroughly incompetent as a lawyer and unable to represent them properly in the case in Circuit Court. Further they contend that they did not, in fact, hire him and did not want him as their attorney and that the practical effect of their being forced to trial without their regular attorney, Mr. Briggs, operated to deprive them of their basic constitutional right to their day in court and was another link in the chain of fraud practiced upon them by the complainants, J. W. Henley and wife. Copies of letters purportedly written by Mr. Gregory to Mr. Buddenbohm certainly support the contention of Mr. Buddenbohm and Mr. Hastings that Mr. Gregory did not represent them properly.

On March 2, 1964, Larkin-Gowan, Inc. recovered a judgment in the Circuit Court of Shelby County, Tennessee, in Cause No. 26539 against the defendants Hastings and Buddenbohm in the amount of $4,250 plus 10% attorneys fees or a total of $4,675 representing the balance due on a $4,250 note described in the contract of purchase of date June 17, 1963, and held by Larkin-Gowan, Inc., as a commission. No appeal was taken from this judgment.

On May 28, 1964, the appellants, Otto F. Buddenbohm and wife, Eva D. Buddenbohm, executed a deed of trust on one of the lots involved in this litigation to secure the payment of the judgment in favor of Larkin-Gowan, Inc. in Cause No. 26539 described above in the total amount of $4,675.

After the original bill was filed in this cause to subject the equity of Buddenbohm in the two parcels of land to the payment of the deficiency judgment held by Henley and wife it developed that the Fruehauf Corporation had previously contracted to purchase one of the tracts of land from Buddenbohm and wife. By consent the sale of one tract to Fruehauf Corporation was confirmed and the net proceeds of $16,000 paid into the registry of the Chancery Court.

The original bill by J. W. Henley and wife to subject the equity of Buddenbohm and wife was filed on June 22, 1965. After a great many pleas including demurrers, cross bills, amended answers, etc. had been filed, on April 21, 1966, His Honor the Chancellor rendered a memorandum opinion of ten pages reciting the pleadings, the nature of the case, and the questions to be decided and finally determining that the cross-complainants and appellants, Hastings and wife and Buddenbohm and wife, were not entitled to a jury trial and striking the cause from the jury calendar. He set the cause for hearing on oral testimony for Tuesday, May 31, 1966, and refused the defendants, Hastings and wife and Buddenbohm and wife, a discretionary appeal. At the time of the Chancellor's memorandum opinion on April 21, 1966, the original defendants, Hastings and wife and Buddenbohm and wife, had not made any contention of the right of setoff of the alleged $20,000 note which was allegedly signed by J. W. Henley on June 27, 1963. J. W. Henley had died January 15, 1966, and the cause was revived in the name of his widow, Lucille D. Henley, Executrix.

The cause was not heard before the Chancellor on May 31, 1966. On January 17, 1967, the defendants Hastings and wife and Buddenbohm and wife filed a

petition to amend their answer and cross-bill so as to aver that the estate of J. W. Henley was indebted to Hastings and Buddenbohm in the total amount of $24,000 evidenced by J. W. Henley's promissory note dated June 27, 1963, in the principal sum of $20,000 payable to Seth Hastings and Otto Buddenbohm and drawing interest at 5% per annum from date. The petition recited that a claim had already been filed on said note against the estate of J. W. Henley, deceased, in the Probate Court of Shelby County and suggested that the Chancery Court should take jurisdiction and determine the legality of the note in the present cause. On January 23, 1967, His Honor the Chancellor entered an order denying the right of the defendants Hastings and Buddenbohm to file a plea of setoff based on the $20,000 note of J. W. Henley dated June 27, 1963.

On January 24, 1967, the cause was heard before the Chancellor without a jury upon oral testimony. The Chancellor was of opinion that the alleged fraud of J. W. Henley and M. V. Gowan relating to the permit for a country club and the alleged fraudulent foreclosure of the trust were matters which were presented upon the trial in Circuit Court or should have been presented upon the trial in Circuit Court. He refused to consider them as defenses to the claims of the judgment creditors and rendered an opinion adverse to the defendants from which they have appealed. He ordered the original bill dismissed as to all the parties except Buddenbohm and wife. Second, he ordered the judgment of Larkin-Gowan, Inc. in the amount of $4,675 paid out of the funds in the hands of the Clerk & Master and the remaining funds arising out of the sale of the tract to Fruehauf he ordered paid over to the complainants, and third, he

ordered the second tract of land owned by Buddenbohm and wife sold at public outcry subject to the first mortgage indebtedness held by National Trust Life Insurance Company and the net proceeds paid over to the complainants, Lucille Henley, Individually and as Executrix.

Assignments of error I, II, III, and V assail the action of His Honor the Chancellor in refusing to permit the defendants-appellants Hastings and Buddenbohm to prove fraud by the original seller, J. W. Henley and his real estate agent, M. V. Gowan, in the sale of the 22.3 acres for a country club when they well knew that the defendants would not be legally entitled to operate a country club and in refusing to permit them to prove a fraudulent foreclosure of the deed of trust on fictitious grounds and in refusing to permit them to prove fraud in forcing the defendants to trial in Circuit Court in the absence of their regular lawyer, Mr. Briggs, and in requiring them to use the service of Mr. Gregory whom they did not employ and did not want to represent them.

Assignment of error No. IV insists that the court erred in refusing to allow them to set off the $20,000 J. W. Henley note.

We dispose of assignment of error No. IV by reciting that the Probate Court of Shelby County on June 30, 1967, adjudged the $20,000 note of J. W. Henley to be a forgery in the cause of In re Estate of J. W. Henley, Deceased, Claim of Seth Hastings and Otto Buddenbohm, mentioned above, considered along with this case. In a separate opinion of this date in said cause this court has affirmed the decree of the Probate Judge in adjudging the J. W. Henley note to be a forgery. Therefore, the

alleged error of the court in refusing to allow the appellants to plead setoff of the J. W. Henley note has become moot and will not be considered further.

With reference to assignments of error I, II, III, and V appellants insist that "fraud vitiates and voids all human transactions from the solemn judgment of a court to a private contract, and is as odious and fatal in a court of law as in a court of equity," citing New York Life Insurance Co. v. Nashville Trust Co., 200 Tenn. 513, 292 S.W.2d 749, 59 A.L.R.2d 1086; and Keith v. Alger, 114 Tenn. 1, 85 S.W. 71.

The appellee, Lucille D. Henley, Individually and as Executrix of J. W. Henley, insisted in the court below and in this court the deficiency judgment of $12,000 rendered by the Circuit Court of Shelby County in favor of J. W. Henley and wife, Lucille Henley, against the defendants, Seth Hastings and Otto Buddenbohm, affirmed by the Western Section of the Court of Appeals, is conclusive upon the appellants not only as to all matters which were litigated in said cause but as to all matters which might have legally been put in issue and determined in said cause citing the case of National Cordova Corp. v. City of Memphis, 214, Tenn. 371, 380 S.W.2d 793, from which we quote as follows:

"The defendants plead res judicata as a bar to the present suit. Res judicata may be successfully pleaded when a judgment on the merits exhausts or extinguishes the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties upon the same cause of action, and concludes such parties and their privies not only as to all matters that were actually put in issue and determined,

but also as to all matters which might have been put in issue and determined. Jordan v. Johns, 168 Tenn. 525, 79 S.W.2d 798 (1935); Webb v. Schultz, 31 Tenn. App. 587, 218 S.W.2d 758 (1948); Whitley v. Reeves, 39 Tenn.App. 169, 281 S.W.2d 411 (1955).

"In the case of Jordan v. Johns, supra, it was held:

'The rule of res adjudicata is based on the principle not only that the same parties, in the same capacities, should not be required to litigate anew a matter which might have been determined and settled in a former litigation, but on the higher ground, that public policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel.' 168 Tenn. at 536-537, 79 S.W.2d at 802."

The appllants, Hastings and Buddenbohm, contend that the deficiency judgment in the Circuit Court was not conclusive because it was procured by the fraud of the vendors, J. W. Henley and wife, Lucille, and the real estate agent, Marcus Gowan. The most recent pronouncement by our Tennessee Supreme Court on the question of impeachment of a final judgment at law on grounds of fraud is the celebrated case of New York Life Insurance Co. v. Nashville Trust Co., et al., 1956, 200 Tenn. 513, 292 S.W.2d 749, majority opinion by Mr. Justice Burnett (now Chief Justice) concurred in by Chief Justice Neil and Justice Tomlinson with Justices Prewitt and Swepston dissenting. Each member of the Supreme Court wrote a separate opinion.

In a former suit, New York Life Insurance Co. v. Nashville Trust Co. decided in 1942, 178 Tenn. 437, 159

S.W.2d 81, our Tennessee Supreme Court found as a fact that Thomas C. Buntin, formerly of Nashville, Tennessee, after - seven years' absence, along with other circumstances, was legally dead. The New York Life Insurance Company paid to trustees for designated beneficiaries $59,000. Thomas C. Buntin, the insured, had left Nashville, Tennessee, simulated suicide, and kept his whereabouts unknown until June 3, 1953, when he was found alive and remarried, raising another family.

The New York Life Insurance Company filed suit seeking to set aside the former judgment adjudging Thomas C. Buntin to be dead and to impress a trust on the proceeds of the insurance remaining in the hands of the trustees. These funds amounted to approximately $30,000. The relief sought was based on five grounds: (1) mistake; (2) fraud; (3) that the defendants had been unjustly enriched; (4) newly discovered evidence; and (5) that the defendant trustees held the funds in their hands as constructive trustees for the insurance company. The Chancellor sustained a demurrer. The Supreme Court, by a majority of three to two, reversed, impressed a constructive trust upon the proceeds of the policies, and held that the judgment must be set aside because of the fraud practiced by Buntin, not only upon the insurance company but upon the court itself. The opinion of each member recognized the general rule that final decrees may be set aside for extrinsic fraud but not for intrinsic fraud. This is the rule in Tennessee as announced by Keith v. Alger, 114 Tenn. 1, 85 S.W. 71. From the opinion of Mr. Justice Neil in Keith v. Alger, we quote as follows:

"While the writer of the present opinion was a member of the court of chancery appeals of this State that court had occasion to consider the nature of the action

in the case of Noll v. Chattanooga Company, decided August 28, 1896, in an opinion reported in 38 S.W., 287. In that case the following excerpt from Pico v. Cohn, 91 Cal., 129, 25 Pac., 970, 27 Pac., 537, 13 L.R.A., 336, 25 Am.St.Rep., 159, was quoted with approval:

'That a former judgment or decree may be set aside and annulled for some frauds there can be no question, but it must be a fraud extrinsic or collateral to the questions examined and determined in the action. * * * The reason of this rule is that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party has by some extrinsic or collateral fraud prevented a fair submission of the controversy. What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from court by a false promise or a compromise, or purposely keeping him in ignorance of the suit, or where an attorney fraudulently pretends to represent a party and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest.' Citing the case of U. S. v. Throckmorton, 98 U.S., 65, 66, 25 L.Ed., 93.''

█ It is the opinion of the court that the acts of fraud allegedly committed by J. W. Henley and wife, Lucille

Henley, and by Marcus Gowan, the real estate agent, do not come within the interpretation of extrinsic fraud as found in the majority opinions in New York Life Insurance Co. v. Nashville Trust Co., 200 Tenn. 513, 292 S.W.2d 749. If, in fact, Henley and wife and Gowan did perpetrate a fraud upon the appellants by selling the 22.3 acres of land for a country club well knowing that the property could not be operated as a country club and if Henley and wife did perpetrate a fraud upon the appellants by foreclosing the deed of trust when the same was not in default or if J. W. Henley and wife had failed to pay an adequate amount for the purchase of the property at the foreclosure sale, these facts could have been proven by the appellants upon the trial in Circuit Court for the deficiency judgment. Also these acts of fraud could have been proven in a suit in Chancery Court by the appellants to set aside the contract for fraud and/or to set aside the foreclosure sale for fraud.

█ If His Honor, Judge Greenfield Polk, abused his discretion and improperly required the appellants to go to trial without the services of their regular attorney, Mr. Raymond Briggs, and required them to use the services of a lawyer who was incompetent and whom they did not want, namely Mr. Gregory, then this could have been and should have been proven upon a motion for a new trial and the evidence preserved by a proper bill of exceptions and the actions of His Honor the Trial Judge reviewed upon an appeal in error to the Court of Appeals, Morrow v. Drumwright, 202 Tenn. 307, 304 S.W.2d 313. The appellants did not avail themselves of any of these opportunities for redress and/or review. His Honor the Chancellor correctly held that the deficiency judgment rendered against the appellants in the Circuit Court was

binding and conclusive upon the appellants and His Honor the Chancellor correctly refused to consider evidence of alleged acts of fraud on the part of J. W. Henley and wife and Marcus V. Gowan in the procurement of said judgment.

We find no merit in the assignments of error and the judgment of the lower court will be affirmed at the cost of the appellants.

When this case came on to be argued Judge Avery was unable to be present because of illness and by consent of all the parties Mr. Jack Manhein, Sr. of the Jackson-Madison County, Tennessee, Bar sat as Special Judge.

Bejach, J., and Manhein, Special Judge, concur.