In the Matter of the Estate of JAMES WILBUR HENLEY, Deceased.

MRS. LUCILLE D. HENLEY, Executrix, Appellee, v. Claim of SETH HASTINGS and OTTO BUDDENBOHM, Appellants—444 S.W.2d 173.

Western Section. February 28, 1968.

Certiorari Denied by Supreme Court August 5, 1968.

W. C. Rodgers, Memphis, for appellants.

Stanley C. Moise, Henry M. Beaty, Jr., Memphis, for appellee.

CARNEY, J. This is a companion case to the case of Henley v. Hastings on appeal in this court from the Chancery Court of Shelby County, 59 Tenn.App. 427, 441 S.W.2d 64. At the request of solicitor for appellants Seth Hastings and Otto F. Buddenbohm we have considered the records together. Opinion in each case has been prepared by the same member of the court and opinions in both cases are being announced at the same time.

This case is an appeal by Seth Hastings and Otto F. Buddenbohm from an order of the Probate Court of Shelby County sustaining exceptions filed by the executrix, Lucille D. Henley, to their claim for $20,000 filed against the estate of her late husband, J. W. Henley. The claim is based upon a note dated June 27, 1963, allegedly signed by J. W. Henley and payable to the order of Seth Hastings and Otto F. Buddenbohm in the principal amount of $20,000. After a hearing on oral testimony His Honor Judge Pierotti found adversely to the contentions of the appellants, Hastings and Buddenbohm. He denied the claim on three grounds: (1) He found the note to be a forgery; (2) he found that there was no consideration for the note and no indebtedness due and owing by the estate of J. W. Henley to either of the appellants, and (3) he held that the appellants were judicially estopped from making claim on the note. Hastings and Buddenbohm have perfected their appeal and assigned error in this court.

A resume of the salient facts necessary to a determination of this appeal are as follows: J. W. Henley and wife, Lucille D. Henley, were the owners of a tract of land containing 22.3 acres located on Holmes Road in Shelby County, Tennessee. Their home was situated on the tract. Sometime prior to June 27, 1963, they were involved in negotiations with Seth Hastings for the sale of said property. Mr. Hastings is a salesman for International Investors Corporation engaged in selling real estate in Mississippi. The property on Holmes Road is located a short distance north of the Tennessee-Mississippi state line. Mr. Hastings was interested in purchasing the Henley property on Holmes Road for the purpose of selling memberships in and operating a country club.

On August 13, 1962, Mr. Hastings and Mr. Henley entered into a contract for the purchase and sale of the land at a purchase price of $80,000. The contract expressly provided that it was contingent upon Mr. Hastings being granted a permit to operate a country club. The contract remained unexecuted until June 27, 1963, when Mr. Hastings and Mr. Otto F. Buddenbohm entered into a new agreement to purchase the property at $80,000. Mr. Hastings brought Mr. Buddenbohm into the project in order to assist him in the financing. Apparently Buddenbohm was a man of some financial backing and Mr. Hastings was not.

The new contract of purchase did not provide that it was contingent upon the purchasers being granted a permit to operate a country club but it is insisted by Hastings and Buddenbohm that the seller, J. W. Henley, and his real estate agent, M. V. Gowan, assured them that they were permitted to operate a country club on the property and that Gowan presented to them a spurious

permit and that on the basis of the spurious permit the purchase of the land was consummated. They paid down about $1,750 in cash. The remaining purchase price was represented by the assumption of prior deeds of trust and a purchase money note to the order of Henley and wife, Lucille D. Henley, in the amount of approximately $28,000 secured by a secondary lien on the property, and a purchase money note of $4,250 delivered to Larkin-Gowan Realty Company, Inc. as a commission.

Hastings and Buddenbohm operated a country club on the property from July 27, 1963, until October, 1963, when they received notice that Henley and wife were demanding foreclosure of the property. They also learned that the county zoning ordinances would not permit them to operate a country club with less than 25 acres of ground. On November 5, 1963, the equity of Hastings and Buddenbohm in the real estate was sold at public outcry under the terms of the deed of trust and purchased by the original sellers, Henley and wife. Hastings and Buddenbohm surrendered possession of the premises. Henley made a bid of $19,000 for the equity and claimed a deficiency of $12,000.00 on the purchase money note held by him. Henley and wife brought suit in the Circuit Court of Shelby County against Hastings and Buddenbohm to recover the deficiency judgment.

The date of filing the suit for the $12,000 deficiency judgment by Henley is not shown in the record. We know from the record in Henley v. Hastings from the Chancery Court that on March 2, 1964, Larkin-Gowan, Inc., the real estate agent, recovered a judgment in the Circuit Court of Shelby County, Tennessee, against Hastings and Buddenbohm in the total amount of $4,675 representing the balance due on one of the purchase money

notes executed by Hastings and Buddenbohm at the time of the contract of sale and which note was held by Larkin-Gowan, Inc. On May 28, 1964, Otto F. Buddenbohm and his wife executed a deed of trust on a lot owned by Buddenbohm to secure the payment of the judgment of $4,675 obtained by Larkin-Gowan, Inc.

On July 6, 1964, the Circuit Court of Shelby County rendered a deficiency judgment in favor of J. W. Henley and wife, Lucille D. Henley, in the amount of $12,032.71. This judgment was appealed in forma pauperis to the Western Section of the Court of Appeals at Jackson. The judgment of the lower court was affirmed on May 4, 1965, without a hearing because assignments of error and brief were never filed. On June 22, 1965, J. W. Henley and wife, Lucille, filed a bill in the Chancery Court of Shelby County against Hastings et ux and Buddenbohm et ux and several of their creditors seeking to subject the equity of Buddenbohm and wife in two lots to the payment of the $12,000 deficiency judgment.

J. W. Henley died January 15, 1966, and an order of revivor in the name of Lucille D. Henley, Executrix, was entered in the Chancery Court suit. A number of pleadings were filed by the defendants, Hastings and Buddenbohm, including a cross-bill in which they denied liability on the deficiency judgment of $12,000 because of the alleged fraud of Henley and Gowan in assuring them that they were entitled to a permit to operate the country club and also fraud in foreclosing the deed of trust when it was not in default and some sort of vicarious fraud in that they alleged that His Honor the Trial Judge, Judge Greenfield Polk, required them to go to trial with a lawyer whom they did not choose and a lawyer who was drunk when the case was tried and the deficiency judg-

ment rendered against them. Their regular lawyer, Mr. Raymond Briggs, was out of the city when the case was tried.

On April 21, 1966, the Chancellor struck the case from the jury docket and set the hearing on oral testimony for Tuesday, May 31, 1966. Up to this date neither Hastings nor Buddenbohm had ever made any mention to anyone connected with this lawsuit in court or out of court that they were the owners of a $20,000 note signed by J. W. Henley dated June 27, 1963.

The case in the Chancery Court was not tried on May 31, 1966, and no further action was taken in said cause until January 17, 1967, when the defendants, Hastings and wife and Buddenbohm and wife, filed a petition to amend their answer and crossbill so as to aver that the estate of J. W. Henley was indebted to Hastings and Buddenbohm in the amount of $24,000 representing the principal sum due on Henley's note for $20,000 together with interest at 5% per annum from June 27, 1963. The petition recited that a claim had been filed against the estate of J. W. Henley, deceased, in the Probate Court of Shelby County and asked the Chancery Court to take jurisdiction and to determine the legality of the $20,000 note. On January 23, 1967, His Honor the Chancellor entered an order denying the right of defendants Hastings and Buddenbohm to amend their pleadings so as to aver setoff based on the $20,000 note of J. W. Henley dated June 27, 1963.

The claim of Hastings and Buddenbohm against the estate of J. W. Henley was filed in the Probate Court of Shelby County on October 18, 1966. As far as this record shows this was the first mention or claim by either Hastings or Buddenbohm to anyone that Henley was indebted

to them in any amount of money. Exceptions were filed to the claim. The Probate Court heard the case on oral evidence.

Mr. Buddenbohm testified that he never saw the note until about two weeks after the real estate transaction was closed on June 27, 1963, and that he never told his attorney, Raymond Briggs, who was scheduled to represent them in the Circuit Court of Shelby County in the suit for the deficiency judgment that he had the $20,000 note.

Appellants relied principally upon the testimony of one Harold Thomas to establish the authenticity of the $20,000 note. Mr. Thomas, a salesman for National Trust Life Insurance Company of Memphis, testified that he was working as a parttime bartender in the Southmoor Country Club, of which he was a member and stockholder, in the late afternoon of June 26, 1963, when Mr. Henley came into the country club, signed the $20,000 note and delivered it to him to be delivered to the appellant, Seth Hastings; that Mr. Henley stated that Mr. Hastings needed the note for the closeout of a real estate transaction on the next day. Thomas testified that the only time he had seen Mr. Henley at the country club was on the afternoon he executed the note and handed it to him. The Southmoor Country Club is not to be confused with the club which the appellants, Hastings and Buddenbohm, tried to operate. The Southmoor County Club was another club also located on Holmes Road but entirely disconnected with the club operated by Hastings and Buddenbohm.

Mr. Earl Davenport of Memphis, Tennessee, age 56, testified as an expert witness for the claimants, Hastings

and Buddenbohm, that in his opinion the signature of J. W. Henley on the $20,000 note was genuine based on a comparison of the genuine signature of Henley appearing on some eighty cancelled checks. Mr. Davenport testified that he had first examined the signature at the request of solicitor for the executrix, Lucille Henley.

Mr. Hastings was called by the court and cross-examined as a hostile witness by solicitor for the executrix. He testified that the note was delivered to him by Mr. Thomas from Mr. Henley on the site of the Henley property. After further cross-examination, he suggested that it might have been delivered to him at the Southmoor Country Club but he was not sure. Mr. Hastings also testified that he had furnished the note to his lawyer, Mr. Briggs, to be used as a defense in the suit for deficiency judgment brought by Henley against Hastings and Buddenbohm in the Circuit Court of Shelby County. Further, he stated that after the notice of foreclosure he made an agreement with Mr. Henley that there would be no trouble over an eviction of them from the property. The county club did not operate anymore after the notice of foreclosure and no legal action of any kind was attempted to stay the foreclosure or eviction.

It is the contention of Hastings and Buddenbohm that Mr. Henley gave them the $20,000 note as an assurance that if they were unable to get a permit to operate a country club on less than 25 acres that he would procure sufficient land for them to operate the country club.

The testimony of the executrix is that even though she was a co-owner of the 22.3 acres of land and discussed the sale of the property with her husband at no time was a $20,000 note to be executed by Henley to Hastings and

Buddenbohm discussed by anyone and that no mention of the same was made at the time of the closing of the transaction in which the sale of the property on Holmes Road was consummated. The first she heard of the $20,000 note is when claim on the note was filed in the Probate Court in October, 1966, after her husband died in January, 1966. She also said the signature on the note was not genuine.

Mr. Stanley C. Moise, one of the attorneys for the executrix, testified that he had been office manager for Mr. J. W. Henley's real estate business for many years prior to his beginning the active practice of law in Memphis in 1959 and that in his opinion the signature on the $20,000 note was not genuine; that at no time during the transactions leading up to the sale of the property was any mention made by anybody concerning the execution of a note by Henley in the amount of $20,000 or any other amount to Hastings and Buddenbohm; that he brought the suit in Circuit Court for a deficiency judgment against Hastings and Buddenbohm and that at no time did Hastings and Buddenbohm make any claim by way of setoff or counterclaim in said suit for the deficiency judgment setting up the $20,000 note. He further testified that when Hastings and Buddenbohm attempted to perfect an appeal from the deficiency judgment on the pauper's oath, he interrogated both defendants in Circuit Court regarding their financial status and particularly asked them if they had any notes of other persons and that they both denied having said notes. Mr. Buddenbohm had testified that he was never asked in Circuit Court if he had any notes. The record of the trial in Circuit Court was not filed in the litigation in either the Probate Court or the Chancery Court.

Two former secretaries of Mr. Henley testified that in their opinion the signature on the $20,000 note was not genuine.

His Honor the Probate Judge found that the $20,000 note was a forgery; that there was no consideration for the note and no indebtedness due by the estate of J. W. Henley to Hastings and Buddenbohm; and that the appellants are judicially estopped from relying upon said note as a claim against the estate of J. W. Henley.

We concur fully in the finding of the Probate Judge that the note was forgery; that there was no consideration for the note and that J. W. Henley was not indebted in any amount to Hastings and Buddenbohm.

Since no part of the record of the suit in Circuit Court in which J. W. Henley sought and recovered a deficiency judgment against Hastings and Buddenbohm is filed in this court and no part of the testimony is preserved by adequate and legal bill of exceptions, we have doubt whether the record is sufficient to sustain an adjudication that the defendants are precluded by judicial estoppel from relying upon said $20,000 note. Accordingly, we pretermit the question of judicial estoppel and affirm the decree of the Probate Court on our concurrent findings that the note is a forgery; that there was no consideration for the same and that the estate of J. W. Henley is not indebted to Hastings and Buddenbohm in any amount.

The assignments of error will be respectfully overruled and the decree of the lower court affirmed and the costs taxed to the appellants.

Avery, P. J. (W.S.), and Bejach, J., concur.