[No. 21661–9–I.   Division One.   December 19, 1988.]

Don Rubbelke, *Appellant,* v. David R. Strecker, et al, *Respondents.*

*Benjamin P. Shuey,* for appellant.

*Bernard Friedman* and *Karr, Tuttle, Campbell,* for respondents.

Williams, J.—This action was brought to recover on an overdue promissory note; the answer was that the note was canceled. The defendants moved for summary judgment of dismissal, which was granted. The plaintiff appeals.

The facts are that Franklyn–Ross Corporation, owned 60 percent by Don Rubbelke and 40 percent by David R. Strecker, operated a separate motorcycle business known as Seattle Honda. Rubbelke sold his interest in Franklyn–Ross to Strecker, receiving in return a promissory note for $29,572.88 from Franklyn–Ross and guaranteed by Strecker. Subsequently Rubbelke and Strecker agreed that the corporation would transfer the Seattle Honda business to Rubbelke in return for his canceling the promissory note, which he did by marking it canceled, writing a statement to that effect, and surrendering the note to Strecker. Strecker did not deliver Seattle Honda to Rubbelke and this action ensued.

■ The court determined that the note had been canceled pursuant to RCW 62A.3–605:

Cancellation and renunciation. (1) The holder of an instrument may even without consideration discharge any party

(a) in any manner apparent on the face of the instrument or the indorsement, as by intentionally cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or

(b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.

(2) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto.

This section is identical to the Uniform Commercial Code § 3–605, which has been interpreted as follows:

[T]wo fact questions are presented when a party pleads discharge by cancellation:

(1) Was the holder's action sufficient to destroy or mutilate the instrument, or to destroy, mutilate, or strike out a signature?

(2) If so, was the action intentional?

. . . The answer to the second question is strictly subjective, requiring evidence of the circumstances under which the action took place and by whom.

. . . The purpose of, or intention behind a surrender of the instrument, is obviously a fact question, although other logical reasons why a holder would surrender an instrument to an obligated party are few.

(Footnote omitted.) U.C.C. Serv.—Commercial Paper § 504[2], at 5–20 to 5–21 (1987). Rubbelke's written cancellation of the note in each of the three ways satisfies the first part of the test, but the question of fact as to his intent to cancel the note remains. His affidavit establishes for purposes of summary judgment that in exchange for the cancellation of the promissory note, Seattle Honda would be transferred to him, which did not happen. Thus, whether Rubbelke "clearly intended" to cancel the note without certain conditions being met by Strecker is a question of fact that precludes summary judgment. *Trane Co. v.*

*Brown–Johnston, Inc.,* 48 Wn. App. 511, 513–14, 739 P.2d 737 (1987).

Strecker argues that cancellation of the note in the manner prescribed in the statute is sufficient. The primary concern of that statute is to permit negotiation of commercial paper. Such considerations are not relevant to this transaction which is but a contract between two persons for the payment of money. *Vancouver Nat'l Bank v. Katz,* 142 Wash. 306, 313, 252 P. 934 (1927); *accord, Reid v. Cramer,* 24 Wn. App. 742, 744, 603 P.2d 851 (1979).

Related to this is the argument that Rubbelke's cause of action arises not upon the promissory note but upon the agreement. If that were so, it would be of no consequence. Strecker's nonperformance of the agreement gives Rubbelke the right to collect on the promissory note. RCW 62A.3–802(b). *Rains v. Lewis,* 20 Wn. App. 117, 123, 579 P.2d 980 (1978); *Lutz v. Gatlin,* 22 Wn. App. 424, 432, 590 P.2d 359, *review denied,* 92 Wn.2d 1007 (1979).

The summary judgment is reversed and the cause is remanded for further proceedings.

WEBSTER, J., and SCHUMACHER, J. Pro Tem., concur.