IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 7, 2005

## BRENDA AND STANLEY MORRISON v. CITIZEN STATE BANK

**Appeal from the Circuit Court for Marion County**
**No. 14582     Buddy D. Perry, Judge**

_____

**No. M2004-00263-COA-R3-CV - Filed September 20, 2005**

_____

This is the third action between Stanley Morrison and Citizen State Bank concerning a series of promissory notes and security agreements. In the first action, Citizen State Bank filed a civil warrant in General Sessions Court against Stanley Morrison to recover a deficiency judgment and repossess a truck that was collateral on a series of loans. The bank obtained a default judgment against Morrison and repossessed the truck when Morrison failed to appear in court. Morrison failed to timely appeal the default judgment. Thereafter, Morrison and his wife filed this action challenging the validity of the default judgment and seeking damages for fraud, misrepresentation, and conversion of property, contending four of six promissory notes and security agreements that the judgment was based upon were forgeries. The trial court held this action was barred by res judicata and dismissed it on summary judgment. We affirm the dismissal of this action on the basis of collateral estoppel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Hallie H. McFadden, Chattanooga, Tennessee, for the appellants, Brenda and Stanley Morrison.

J. Harvey Cameron, Jasper, Tennessee, for the appellee, Citizen State Bank.

## OPINION

In 1997, Stanley Morrison executed a consumer loan agreement with Citizen State Bank. Morrison admits signing the loan documents and borrowing the money evidenced by the 1997 loan agreements. A second and third loan agreement were purportedly signed by Morrison in August 1998 and August 1999.[1] On September 11, 1999, Morrison admits that he and his wife, Brenda Morrison, entered into a loan agreement with the bank – purportedly the fourth in a series of six –

_____

[1] The bank contends Morrison signed them; Morrison insists the signatures are forgeries.

in the amount of $23,000 to purchase a Dodge Ram truck.[2] The Morrisons secured this loan with the Dodge Ram, their deposit accounts with the bank, and a Ford Bronco.

Thereafter, two additional loan agreements were executed, in December 1999, and April 2000. The Morrisons contend, however, that all but the first and fourth loan agreements were forged documents for which they are not liable. Specifically, the Morrisons allege a representative of the bank either forged Stanley Morrison's signature on four of the six agreements or negligently allowed someone else to commit the forgeries. The bank has contended throughout all three actions that all loan documents were signed by Morrison. It is undisputed that Brenda Morrison signed the fourth agreement along with her husband.

The first of the three lawsuits among the parties was in the General Sessions Court of Marion County. It was a civil warrant brought by the bank against Stanley Morrison for a deficiency judgment on the notes and to recover the collateral securing the note, the Dodge Ram. The bank alleged that the Morrison loans were cross-collateralized, that one of the loans was in default, which rendered all of the loans, including the fourth that the Morrisons admit signing, in default. Thus, the bank sought a deficiency judgment and possession of the the Dodge Ram truck the Morrisons put up as collateral. Morrison did not file a response to the civil warrant and did not appear at the hearing in General Sessions Court.[3] Because of Morrison's failure to appear, the General Sessions Court entered a default judgment on November 27, 2000, awarding the bank a deficiency judgment and possession of the Dodge Ram truck.

Morrison attempted to appeal this decision by filing his own Civil Warrant for the Recovery of Personal Property (the Dodge Ram truck) against Citizen State Bank,[4] accompanied by an Appeal Bond. These were filed by Morrison on December 11, 2000. The appeal, however, came too late, after the expiration of the ten-day time limit for appeals. Upon motion by the bank, the Circuit Court of Marion County dismissed Morrison's civil warrant and attempted appeal due to Morrison's failure to timely appeal. Morrison then filed a motion for new trial and, in the alternative, to set aside the default judgment, which the Circuit Court dismissed by Agreed Order in June of 2001.

Thereafter, Brenda and Stanley Morrison filed this action against the bank on October 24, 2001, in which they alleged the bank defrauded them or negligently allowed someone else to do so by forging Morrison's signature on four of the six loan agreements. Further, they alleged the bank "illegally converted" the Dodge Ram, contending they were current on the loan secured by the Dodge

---

[2]The fourth note is the only one that bears the signature of Brenda Morrison.

[3]Morrison contends he was not properly served with process, claiming the Sheriff left the warrant and summons with his mother-in-law next door. Unfortunately, the record does not contain the sheriff's return of process.

[4]This was the second of the three related actions between Morrison and the bank concerning the loans at issue and the Dodge Ram truck.

Ram, the Dodge Ram was not cross-collateralized for the other loans, and the bank's conduct[5] violated the Tennessee Consumer Protection Act and the Fair Debt Collection Act.

The bank moved for summary judgment upon the basis of res judicata. The trial court granted the motion from which the Morrisons appeal.

## STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Advertising & Publishing Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgments are proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mutual Automobile Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

---

[5]We can only assume that the conduct to which the Morrisons are referring is that concerning the alleged forgeries on the notes and the possession of the Dodge Ram. Their complaint was not sufficiently specific on that allegation.

ANALYSIS

The Morrisons' allegations of forgery and fraud are serious, yet this case does not turn on these allegations. Instead, the disposition of this appeal hinges on the applicability or inapplicability of the doctrines of res judicata and collateral estoppel.

Res judicata and collateral estoppel "promote finality in litigation in order to conserve judicial resources and to relieve litigants from the cost and vexation of multiple lawsuits." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000). "[P]ublic policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Henley v. Hastings*, 441 S.W.2d 64, 69 (Tenn. Ct. App. 1968) (citing *Jordan v. Johns*, 79 S.W.2d 798 (Tenn. 1935)).

"Res judicata bars a second suit between the same parties on the same cause of action as to all issues which were or could have been litigated in the former suit." *Collins v. Green County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995). Collateral estoppel "bars a second suit between the parties on a different cause of action where the issues were actually litigated and determined in the former suit." *Collins* at 945. Importantly, these doctrines apply not only to those issues that were actually determined in the prior suit, but also to all issues that could have been determined. *Henley* at 69.

Res judicata bars a second suit on the same cause of action. The first action was a civil warrant to recover a deficiency judgment on a series of notes and repossess personal property. This is an action for damages allegedly resulting from fraud, misrepresentation, and for violations of the Tennessee Consumer Protection Act and the Fair Debt Collection Act. This action is not the same action as that brought by the bank in General Sessions Court. Thus, res judicata does not apply.

Collateral estoppel, however, is an issue preclusion doctrine. *Hampton v. Tennessee Truck Sales, Inc*., 993 S.W.2d 643, 645. "Once an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different. *Cihlar* at 178-179 (Tenn. Ct. App. 2000).

The Morrisons' failure to defend the civil warrant in General Sessions Court notwithstanding, the General Sessions Court ruled in favor of the bank on its claims that were based on the promissory notes and security agreements at issue in this action. By granting a deficiency judgment and possession of and title to the Dodge Ram truck to the bank, the General Sessions Court determined that the fourth promissory note and security agreement was validly executed by Brenda and Stanley Morrison, the Dodge Ram truck was security on the note, the other notes were validly executed by Stanley Morrison, and one of the notes with which the Dodge Ram truck was cross-collateralized was in default. *See Ingram v. Earthman,* 993 S.W.2d 611, 631 (Tenn. Ct. App. 1998) (holding in a suit on a note, the holder makes out a prima facie case by producing the note signed by the maker and by showing that there is a balance due on the note.) (citing *Crossland Fed. Sav. Bank v. A. Suna*

& *Co.*, 935 F.Supp. 184, 191 (E.D.N.Y.1996); *Smith v. Weindrop*, 833 P.2d 856, 857 (Colo.Ct.App.1992); *Misemer v. Freda's Restaurant, Inc.*, 961 S.W.2d 120, 121 (Mo.Ct.App.1998); *L. Harvey & Son, Co. v. Jarman*, 76 N.C.App. 191, 333 S.E.2d 47, 52-53 (N.C.App.1985); *Judarl, L.L.C. v. Cycletech, Inc.*, 246 A.D.2d 736, 667 N.Y.S.2d 451, 452 (1998)); *See also First State Bank & Trust Co. v. McIver*, 681 F.Supp. 1562, 1564 (M.D.Ga. 1988); *Reifeiss v. Barnes*, 192 S.W.2d 427, 430 (Mo. Ct. App.1946); *Rubbelke v. Strecker*, 53 Wash. App. 20, 765 P.2d 314, 316 (1988) (holding refusal to pay a note when due results in a breach of the terms of the note for which the maker dishonors a note, the holder may seek judicial relief on the note itself, the underlying obligation, if any, or both in the alternative).

Because the General Sessions Court decided these issues when it rendered judgment against Morrison in favor of the bank in November of 2000, the Morrisons are now estopped from challenging the validity of the notes purportedly signed by Morrison, whether one of the notes was in default, and whether the Dodge Ram truck was subject to being repossessed as collateral for the notes.

When the bank brought its action in General Sessions Court to recover the Dodge Ram that it alleged served as collateral on a promissory note between it and Morrison, Morrison could have defended that action on the very grounds raised in this action. Specifically, he could have argued that the promissory note on which the bank relied was invalid due to forgery. He could have defended the action by arguing that the bank had no right to take the Dodge Ram because the note secured by the Dodge Ram was not in default. He could have also argued that the note in default was not secured, cross-collateralized, by the Dodge Ram. Morrison could have defended the first action on any of these issues, but he failed to do so.

The General Sessions Court entered a default judgment[6], and Morrison failed to file a timely appeal from that judgment. Therefore, the judgment is conclusive "to all matters which might have legally been put in issue and determined. . . ." *National Cordova Corp. v. City of Memphis*, 380 S.W.2d 793 (Tenn. 1964). We therefore affirm the trial court's summary dismissal of the Morrisons' complaint on the basis of collateral estoppel.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellants Brenda and Stanley Morrison.

 

FRANK G. CLEMENT, JR., JUDGE

---

[6]Morrison contends that he was not properly served with notice of this action. This may be so, and if true, would have been grounds for appealing the default judgment. He failed to timely file his appeal, however, and thus the issue of proper service has also been conclusively determined against him.