IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs October 24, 2005

## LOUIS J. FEDERICO v. ALADDIN INDUSTRIES, LLC.

**Appeal from the Chancery Court for Davidson County**
**No. 04-120-IV     Richard Dinkins, Chancellor**

---

**No. M2004-01693-COA-R3-CV - Filed March 7, 2006**

---

This appeal arises from the second civil action between these parties. In both civil actions, Mr. Federico brought suit against Aladdin Industries for breach of a written employment agreement. In the first action, Federico only sought recovery of a bonus. In this second action Federico seeks to recover the value of a so-called "phantom unit" equity plan provided for in the employment agreement. Both claims were based on the same employment agreement. Aladdin filed a motion for summary judgment contending res judicata barred this second action. The trial court granted Aladdin's motion, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

H. Rowan Leathers III, Nashville, Tennessee, for the appellant, Louis J. Federico.

William N. Ozier, Nashville, Tennessee, for the appellee, Aladdin Industries, LLC.

### OPINION

Aladdin Industries, LLC hired Louis Federico to be its Executive Vice President of Marketing and Sales in December of 1999 with a start date in January of 2000. Aladdin confirmed the employment offer and agreement, including compensation, bonuses, and benefits by written correspondence from Aladdin's CEO, Ari Chaney, to Federico. The employment agreement provided for an annual salary of $180,000, a first year guaranteed bonus of $72,000, and an additional bonus of $90,000, provided a targeted budget volume was achieved. The agreement provided for a phantom unit plan that "will be adopted by the Board of managers in which you (Federico) will be granted 8,000 phantom units with an initial value of $40.00 per unit," and it also provided, "[i]n the event you (Federico) should leave Aladdin for reasons other than through your own volition, you will receive 12 months' salary, prorated bonus and outplacement services."

Federico moved from New York to Nashville with great expectations; however, his employment was terminated by Aladdin in less than a year, in December of 2000. Six months later, in June of 2001, Federico filed the first of his two civil actions against Aladdin seeking only to recover the separation bonus. Federico did not state a claim for the value of the phantom units in the first civil action. Nevertheless, during discovery in the first action Federico inquired about the phantom units plan, but was advised the plan had not yet been adopted.

Following the resolution of Federico's first action against Aladdin, another former employee of Aladdin filed suit against Aladdin regarding his employment agreement. His agreement was similar to that of Federico as was his period of employment. Unlike Federico, the other employee sued to recover on the value of his phantom units and prevailed on that claim.

Based on his new found belief that the phantom unit plan had been adopted, Federico filed this action in January of 2004 to recover damages based on the phantom units. Aladdin filed a motion for summary judgment contending this suit is barred by res judicata. Federico responded to the motion asserting that new facts exist about the development of the plan that entitled him to that amount of damages. The basis of his action is the same employment agreement on which his first action was based, and specifically, the provision within that agreement assuring him of 8,000 phantom units. The trial court granted Aladdin's motion for summary judgment. Federico appeals contending that this action is not barred by res judicata because the facts have changed.

### STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Advertising & Publishing Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgments are proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed

facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mutual Automobile Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

## ANALYSIS

Res judicata "promote[s] finality in litigation in order to conserve judicial resources and to relieve litigants from the cost and vexation of multiple lawsuits." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000). "[P]ublic policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Henley v. Hastings*, 441 S.W.2d 64, 69 (Tenn. Ct. App. 1968) (citing *Jordan v. Johns*, 79 S.W.2d 798 (Tenn. 1935)).

Res judicata is a claim preclusion doctrine. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935). It bars a second suit between the same parties, or their privies, on the same cause of action with respect to the issues which were or *could have been litigated* in the former suit. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Brown v. Brown*, 29 S.W.3d 491, 495 (Tenn. Ct. App. 2000); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995)(emphasis added). In order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits. *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989); *Lewis v. Muchmore*, 26 S.W.3d 632, 637 (Tenn. Ct. App. 2000).

This court has consistently recognized that a party asserting res judicata must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits." *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990) (citing *Hutcheson v. TVA*, 604 F.Supp. 543, 550 (M.D. Tenn. 1985)). Aladdin has successfully shown that each of these requirements has been satisfied.

Federico's first and second actions against Aladdin were based on the same written employment agreement. When Federico filed the first action he could have and should have sued to recover the value of the so-called phantom units specified in the agreement. He contends he did not assert a claim on the phantom units believing Aladdin had not adopted a plan. What Federico did or did not believe the facts to be at the commencement of and during the pendency of his first action is of little consequence. What is of consequence is that he could have pursued a claim on the phantom units in the first action. He did not, and his contention that he did not know Aladdin had adopted a phantom units plan until a former employee prevailed on an action to recover the value of the phantom units is also of no consequence.

Federico could have and should have sought to recover in the first civil action all damages to which he may have been entitled pursuant to the employment agreement. Having failed to do so he is barred by the doctrine of res judicata from doing so in this action.

We therefore affirm the summary dismissal of this, the second civil action against Aladdin based upon the doctrine of res judicata. Costs of appeal are assessed against Appellant, Louis Federico.

_____
FRANK G. CLEMENT, JR., JUDGE

-4-