IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

November 1, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

JERRY COLLINS, d/b/a WESTSIDE )   C/A NO. 03A01-9507-CH-00216
EQUIPMENT COMPANY, INC.,       )
                               )   GREENE CHANCERY
          Plaintiff-Appellant, )
                               )   HON. DENNIS H. INMAN,
v.                             )   JUDGE
                               )
GREENE COUNTY BANK,            )   AFFIRMED IN PART,
                               )   VACATED IN PART,
          Defendant-Appellee.  )   AND REMANDED


J. RONNIE GREER, Greeneville, for Plaintiff-Appellant.

KENNETH CLARK HOOD, ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, Greeneville, for Defendant-Appellee.


**O P I N I O N**


Franks. J.


In this dispute between plaintiff borrower and defendant lender, the Trial Court entered summary judgment for the defendant and plaintiff has appealed.

Plaintiff Collins began operating West Side Tractor Company, Inc. (WST) for its owner, Kenneth Malone in 1986. Plaintiff and Malone agreed that Plaintiff would become the owner of WST in exchange for paying the company's debts.

Plaintiff simultaneously owned and ran West Side Equipment Company (WSE), a used equipment trading business. The business arrangement between Plaintiff and Malone continued until 1992, when WST became delinquent with its dealers and suppliers and closed.

In 1990, Plaintiff pledged his home and farm as collateral for a $125,000 loan for WST from defendant Greene County Bank. Ultimately, defendant foreclosed on the property and plaintiff's efforts to prevent the foreclosure through litigation failed.

Plaintiff then filed this action alleging that illegal holds had been placed on his checking account, that oral representations regarding the cross-collateralization clause in the deed of trust constituted fraudulent inducement to enter a contract, and that statements by bank officials constituted tortious interference with the business relationship between plaintiff and Malone.

The Trial Court granted summary judgment on all issues. After giving Appellant an additional two weeks to file notices of holds that had been placed on his account, the Court found that none of the holds produced were within the regulation's one year limitations period. The Court also concluded that res judicata and collateral estoppel barred the claim of fraudulent inducement to enter a contract. Further, the court determined that the business relationship allegedly interfered with was prospective in nature and this jurisdiction does not recognize a cause of action for prospective interference.

Plaintiff claims that Greene County Bank violated 12

2

C.F.R. 229[1] et. seq. (commonly known as Regulation CC) by placing improper holds on his checking accounts. The statute of limitations for Regulation CC provides that actions must be brought "within one year after the date of the occurrence of the violation involved." 12 C.F.R. 229.21 (1992). At the hearing on the motion for summary judgment and after being given an additional two weeks, plaintiff could not produce any hold notices dated within one year of the filing of the suit.

Plaintiff argues that the holds represented a continuing occurrence and the statute of limitations began to run, for all violations, from the date of the last hold. This argument is without merit. The last hold notice is dated more than one year from the filing of the suit and is itself outside the limitations period, and while a "continuing violation" theory has been used to prevent the statute of limitations from barring employment discrimination, *see, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 71 L.Ed.2d 214, 102 S.Ct. 1114 (1982), the cases cited by plaintiff fail to provide any rationale for application of the theory to these circumstances. Plaintiff received written notices informing him of each alleged violation. There was no concealment of his rights or lack of opportunity to pursue these claims as soon as they arose and we find no reason why the statute of limitations should not bar this claim.

Plaintiff asked the Trial Court to alter or amend the summary judgment on the basis of his discovery of a notice

---

[1] 12 C.F.R. 229.21 is entitled "Availability of Funds and Collection of Checks" and governs the procedures which banks must follow in making deposits available to customers.

of a hold on his bank account that had occurred within the one year statute of limitations period, and alleged alterations[2] of a bank document.  The motion was denied.

Whether to grant a new trial based on newly discovered evidence is discretionary with the trial judge. *Seay v. City of Knoxville*, 654 S.W.2d 397 (Tenn. App. 1983). The moving party must demonstrate that the new evidence was not known prior to or during trial and that it could not have been ascertained by the exercise of reasonable diligence. Also to be considered by the Trial Judge is whether a new trial based on such evidence would change the result.  *Leeper v. Cook*, 688 S.W.2d 94 (Tenn. App. 1985).

Plaintiff found the hold slips by searching through his records and the bank document, allegedly altered, was turned over to plaintiff during discovery.  Accordingly, plaintiff was in possession of the records and document while the case was being litigated.  He was given additional time after the hearing on the summary judgment to timely produce hold notices.  We agree with the Trial Judge that plaintiff did not exercise reasonable diligence in presenting these claims and affirm his denial of the motion to alter or amend the judgment.

Next, plaintiff insists *res judicata* and collateral estoppel should not bar his action.

A determination of whether an action is barred by *res judicata* is an appropriate use of summary judgment.  *Byrd*

---

[2] The alleged alterations of the bank document are evidenced by the different typewriter print used for the last sentence. (Deposition of Dr. Alfonso Lucero, Ph.D.).

4

*v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

*Res judicata* bars a second suit between the same parties on the same cause of action as to all issues which were or could have been litigated in the former suit. *Scales v. Scales*, 564 S.W.2d 667 (Tenn. App. 1977). The party asserting the defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits, (3) that the same cause of action was involved in both suits, and (4) that the underlying judgment was on the merits. *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. App. 1990).

Collateral estoppel, in contrast, bars a second suit between the same parties on a different cause of action where the issues were actually litigated and determined in the former suit. *Scales*. Plaintiff argues the judge incorrectly granted summary judgment because the third element of *res judicata,* i.e., the same cause of action, was not met.

The prior litigation sought to enjoin the foreclosure on Appellant's farm and home. Those properties had been pledged under a 1990 loan agreement. A cross-collateralization clause in that agreement stated that the collateral from the loan was also to be used as security for other loans outstanding to WSE and WST, and the deed of trust was not to be released until the loans outstanding had been paid. Plaintiff claims that he was not aware of this cross-collateralization clause when he signed the document.

Plaintiff argues the previous litigation sought to prevent foreclosure on his farm because the Bank had impaired his ability to pay through the wrongful repossession of his

5

equipment. He distinguishes the previous claims from his present claim, which is characterized as fraudulent inducement to enter into the Deed of Trust containing cross-collateralization language. He argues that the oral representations were made to him indicating that his farm and home would be released upon repayment of the loan.

The Trial Court dealing with the prior litigation addressed the cross-collateralization clause during the plaintiff's effort to enjoin the foreclosure:

> Now the first matter - that is, the offer to discharge the note directly secured by the deed of trust - that, of course, is the cross-collateralization clause issue. I've dealt with it. The Court of Appeals has dealt with it. I'm bound by it. Those clauses are valid, and failure to read the language, and I'm sure Mr. Collins is telling the truth. He didn't read the language. He didn't realize the significance of it, but the case are literally legion in this state that say that failure to read language that is there to read is not a defense to enforcement of that language.

The Trial Court held this claim was barred under either res judicata or collateral estoppel because the prior action's

> sole purpose [was] the enjoining of the foreclosure by the bank on the deed of trust. At that time, everything that could have been known about that situation was known. There were no belated revelations of fact. The only thing that occurred after that suit was the foreclosure and it occurred because the Court refused to enjoin it...Collins' claim that the bank fraudulently induced him to enter into that cross collateralization agreement or misrepresented facts to him such that he signed it with a misapprehension of its effect...could and should have been raised at that time within the confines of that suit since it did have as its sole purpose...that foreclosure sale...Mr. Collins is barred by collateral estoppel in that regard...."

The statute governing injunctions of foreclosures requires that:

6

> Contents of Application for Injunction. -- The party applying for relief in such case shall distinctly state how, when, and to whom the debt or any part of debt secured aforesaid has been paid, or <u>any circumstances of fraud</u> which vitiate the contract".

T.C.A. 29-23-202 (1980)(emphasis added).

The estoppel of a judgment or decree extends to all matters material to the decision of the case which the parties exercising reasonable diligence might have brought forward at the time. *McKinney v. Widner*, 746 S.W.2d 699 (Tenn. App. 1987). A plaintiff may not reserve a theory which supports his action for a second lawsuit. *Id.*

Plaintiff's claim seeks relief on the basis of fraudulent inducement in entering into the Trust Deed. By the terms of the statute, the issue of fraud should have been litigated in the prior proceeding. In the previous proceeding, the issue of the cross-collateralization clause was actually litigated and determined. There are no new facts which were not known or new issues which could not have been presented at that time. Accordingly, the Trial Judge properly granted summary judgment on this issue.

Finally, plaintiff contends the Trial Judge was in error in granting summary judgment on the issue of tortious interference with plaintiff's business relationship. Plaintiff alleged that the bank, through its agents and employees tortiously destroyed "the business relationship between Jerry Collins . . . and Kenneth Malone . . .". The interference complained of occurred in 1991 when a bank officer refused to make a loan to West Side Tractor and allegedly told Malone that plaintiff was stealing him blind and "carrying [him] off." Plaintiff testified that as a

7

result Malone and his family would not assist plaintiff in taking out a loan, would not pledge additional collateral to allow him to borrow more money, and eventually evicted plaintiff's business from the property. The business subsequently folded.

The Trial Court concluded the disintegration of the business relationship was prospective and there is no cause of action in Tennessee for tortious interference with a prospective business relationship.

There are disputed issues of material fact as to whether the alleged interference was with an existing business relationship. Accordingly, it is appropriate to remand this case for a determination of whether the elements of this tort exist.[3]

Appellee responds that in any event the action is barred by the one year statute of limitations §28-3-104[4]. The applicable statute of limitations is determined by the allegations of the complaint. Here the damage alleged is the loss of Malone's business relationship and financial backing, which led to the close of the business. Plaintiff's claim

_____

[3]The elements of the tort of interference with business relations are: the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy had been disrupted. *Kan Construction and Cleaning Corp. Inc., v. Tatum*, 1993 WL 434741 (Tenn. App. 1993), *citing* 45 Am. Jur. 2d *Interference* 50 (1969).

[4] T.C.A. 28-3-104 (1980) reads: "**Personal tort actions. -** (a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether such actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued."

8

deals with business and property losses which are governed by the three-year limitation period of T.C.A. §28-3-105, and the limitations period for the analogous tort of interference with a contractual relationship is three years. We conclude the three-year statute of limitations would apply. *See Carruthers Ready-Mix, Inc. v. Cement Masons Local 520*, 779 F.2d 320 (6th Cir. 1985); *Gifford v. City of Gatlinburg,* 900 S.W.2d 293 (Tenn. App. 1995).

Finally, defendant argues plaintiff's claim would be barred under the doctrine of justification. It argues its actions were privileged and justified, and in fact it had such duty under any of these circumstances, i.e., when a person stands in a position of responsibility to another, when the interference is to protect the public welfare, and when one has a duty to protect the welfare of another. *Mefford v. City of Dupontonia*, 49 Tenn. App. 349, 354 S.W.2d 823 (1961).

Essentially, Defendant argues it had the right to tell Malone of Collins' activities because Malone was a customer and stockholder in the bank and was a guarantor of WSE and WST notes. Defendant further argues summary judgment is appropriate on this issue because the alleged statements that Collins was stealing Malone blind are inadmissible hearsay and are not subject to consideration on a motion for summary judgment, T.R.C.P. Rule 56.06 and that the remaining admissible evidence would bear out the elements of justification.

We cannot agree. First, *Mefford* teaches that justification is appropriate if:

One who is charged with responsibility for the

9

welfare of another is privileged purposely to cause him not to perform a contract, or to enter into or continue a business relation, with a third person if the actor (a) does not employ improper means and (b) acts to protect the welfare of the other."

*Id., citing* Restatement of Torts, Vol. 4, Sec. 770.

Advising someone that their business associate is stealing them blind is a questionable manner of informing of problems with a loan. Moreover, the evidence that bank officers said Collins was "stealing [him] blind" is not necessarily inadmissible. Those statements could be nonhearsay operative facts which are admissible. N. Cohen, D. Paine, S. Sheppeard, *Tennessee Law of Evidence*, Second Edition, 801.5 (1990). "Verbal acts" may cause legal consequences wholly apart from the truth or falsity of the words. An analogy can be drawn to a defamation action, where the plaintiff must prove the defendant spoke or wrote the defamatory words. The plaintiff's purpose is to establish that the statement was made, not to offer it to prove the truth of the matter asserted in the statement. *Tennessee Law of Evidence, Id.*

The record presents an issue of material fact as to what version of events occurred. Summary judgment on the issue of justification is not appropriate.

For the foregoing reasons we affirm the Trial Court's judgment in part and vacate in part and remand for further proceedings in accordance with this opinion.

Costs of appeal are assessed one-half to each party.

10

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.