# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

**FILED**

**April 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**MYRA JEAN McCORKLE,**    )
)
    Plaintiff/Appellant,    )    Dyer Law No. 96-178
)
**vs.**    )
)    Appeal No. 02A01-9701-CV-00020
**THE COUNTY OF DYER, TENNESSEE )**
)
    Defendant/Appellee.    )

## APPEAL FROM THE CIRCUIT COURT OF DYER COUNTY
### AT DYERSBURG, TENNESSEE

## THE HONORABLE J. STEVEN STAFFORD, JUDGE

For the Plaintiff/Appellant:        For the Defendant/Appellee:

Charles M. Agee, Jr.        Wesley Clayton
Dyersburg, Tennessee        David W. Camp
                Jackson, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

# OPINION

This is a premises liability case under the Tennessee Governmental Tort Liability Act. The trial court granted summary judgment to the defendant governmental entity. We affirm.

On September 22, 1994, plaintiff Myra McCorkle ("McCorkle") went to the Dyer County Commodity Supplemental Feeding Program building. While leaving the premises, she tripped on the stairs, fell, and broke her leg. McCorkle alleges that the old and torn carpet covering the stairs caused her fall. She subsequently filed this lawsuit against Dyer County ("the County"), seeking damages for her injuries.

The County filed a motion for summary judgment, asserting that it had no knowledge of the dangerous condition of the stairs at the time of McCorkle's fall, and therefore was not liable for her injuries. In support of its motion, the County filed the affidavits of county employees who worked at the commodity exchange. In these affidavits, the employees stated that to their knowledge, "the carpet on the steps and the surrounding area was not wrinkled, loose or torn in any way" at the time of McCorkle's fall.

In opposition to the County's motion, McCorkle submitted only her own deposition. McCorkle testified that, at the time of her fall, the carpet appeared old, ripped, and torn. Oral argument on the County's motion for summary judgment was heard on September 23, 1996. At the hearing, the trial court made it clear to the parties that the central issue was the County's actual or constructive notice of the dangerous and defective condition, *i.e.*, the tears in the carpet. On the same date, after considering the affidavits in support of the County's motion as well as McCorkle's deposition testimony, the trial court granted the motion. The trial court found that "the plaintiff has failed to show that the defendant possessed either actual or constructive notice of the alleged defect."

On October 7, 1996, McCorkle filed a Motion for Relief from Judgment, pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure, requesting that the trial court set aside the judgment in the defendant's favor. In support of her motion, McCorkle submitted an affidavit from Opal Hastings, a witness to McCorkle's accident. In her affidavit, Hastings stated that she was familiar with the place where the accident occurred, and that the steps where McCorkle fell were covered with old and worn carpet. She said that the carpet had been there since she began receiving food at that location and "was severely worn, raged [sic] and had tear places in it for at least one year prior" to the accident.

The trial court denied McCorkle's motion. In a written order, the trial court noted that both parties knew Hastings was a potential witness well prior to the hearing on the summary judgment motion. Indeed, the trial court observed that McCorkle had identified Hastings as a witness in her June 1996 deposition, and had even acknowledged she was distantly related to Hastings. The trial court held that "[a] party is not entitled to relief from a judgment based on newly discovered evidence where the moving party was aware of the information before trial and a tactical decision was made not to use that information." The trial court cited *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586 (Tenn. 1994). McCorkle now appeals the trial court's grant of summary judgment in favor of the County, as well as the denial of McCorkle's motion to set aside the judgment.

McCorkle first alleges that the trial court erred in granting the County's motion for summary judgment. She maintains that a reasonable trier of fact could infer that the County should have known about the dangerous condition on the stairs long before the accident because of the carpet's worn condition. McCorkle argues that her deposition is enough to raise a factual issue about whether the County had knowledge of the dangerous condition.

Summary judgment may be granted when the movant demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The movant bears the burden of demonstrating that there is no genuine issue of material fact. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993); *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). In considering a motion for summary judgment, "courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995) (citing *Byrd*, 847 S.W.2d at 210-11). Summary judgment should be granted only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Id.* We review the trial court's grant of summary judgment *de novo*, with no presumption of correctness. *Id.*

McCorkle brought her lawsuit under the Tennessee Governmental Tort Liability Act. *See* Tenn. Code Ann. § 29-20-101 to -407 (1980 & Supp. 1997). Governmental entities are generally

immune from suit; however, in some situations, immunity may be removed. *See Williams v. Memphis Light, Gas & Water Div.*, 773 S.W.2d 522, 523 (Tenn. App. 1988). Tennessee Code Annotated § 29-20-204 provides:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved. . . .

Therefore, to withstand the County's summary judgment motion, McCorkle was required to demonstrate that a genuine issue of fact existed as to the County's constructive or actual notice of the dangerous condition:

> In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. Constructive knowledge can be shown by proving the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition.

*Martin v. Washmaster Auto Center, U.S.A.*, 946 S.W.2d 314, 318 (Tenn. App. 1996) (citations omitted). Constructive notice has been defined as "'information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.'" *Kirby v. Macon Co.*, 892 S.W.2d 403, 409 (Tenn. 1994) (citing Black's Law Dictionary 1062 (6th ed. 1990)). McCorkle argues that the testimony in her deposition that the carpet was old, worn, and torn would permit a reasonable fact finder to infer that the County had constructive knowledge of the defect in the carpet. She contends that the age of the carpet indicated that "the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition." *Martin*, 946 S.W.2d at 318.

It is undisputed that McCorkle's fall was caused by the tear in the carpet, not by the fact that the carpet was old. From McCorkle's testimony, it may be inferred that carpet that is old and worn may be more prone to tearing than newer carpet. However, based on McCorkle's deposition testimony alone, without considering the affidavit by Hastings, the record contains no indication of

3

how long the tears in the carpet had existed. Therefore, McCorkle's deposition testimony does not establish that any tears in the carpet had existed for such a length of time that the County should have been aware of them. Consequently, McCorkle's testimony is insufficient to withstand the County's motion for summary judgment and the supporting affidavits. The trial court did not err in granting the County's motion.

McCorkle also argues that the trial court erred in denying her motion for relief from judgment. The motion states that it is brought "pursuant to Rules 59 and 60" of the Tennessee Rules of Civil Procedure.

McCorkle's motion, which requests "relief from judgment," could fall under either Rule 60.02 or Rule 59.04 of the Tennessee Rules of Civil Procedure. A Rule 60.02 motion seeks relief from final judgment because of, *inter alia*, mistake, surprise, inadvertence, excusable neglect, or fraud. The trial court's disposition of a Rule 60.02 motion is not reversed on appeal unless the appellate court finds an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991).

Rule 59.04 merely states the time period in which a motion to alter or amend a judgment must be filed. The decision of whether to grant a Rule 59.04 motion based on newly discovered evidence "is discretionary with the trial judge." *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. App. 1995). The movant must show that the new evidence was not known at the time the summary judgment motion was heard "and that it could not have been ascertained by the exercise of reasonable diligence." *Id.*

In considering the denial of a Rule 59.04 motion, it is less clear whether the standard of review is abuse of discretion or *de novo*. There is some authority that the standard is abuse of discretion, even where the Rule 59.04 motion is filed following entry of summary judgment rather than after a trial. *See Tuck v. State*, No. 03A01-9510-BC-00355, 1996 WL 310012, at *4 (Tenn. App. June 11, 1996) (citing *Esstman v. Boyd*, 605 S.W.2d 237 (Tenn. App. 1979)). Because Rule 59.04 of the Tennessee Rules of Civil Procedure is similar to the corresponding federal rule, Rule 59(e) of the Federal Rules of Civil Procedure, decisions construing the federal rule are helpful. *See Parker v. Vanderbilt University*, 767 S.W.2d 412, 421 (Tenn. App. 1988); *Marlowe v. First State Bank of Jacksboro*, 52 Tenn. App. 99, 105, 371 S.W.2d 826, 828-29 (1962). Federal courts interpreting Rule 59(e) have held that "where a Rule 59(e) motion seeks reconsideration of a grant

4

of summary judgment, . . . we conduct a *de novo* review." ***National Leadburners Health and Welfare Fund v. O. G. Kelley & Co., Inc.***, 129 F.3d 372, 374 (6th Cir. 1997).[1]

McCorkle submitted Hasting's affidavit in support for her motion for relief from judgment. McCorkle describes as "newly discovered evidence" Hastings' testimony that the carpet on the stairs had "had tear places" for at least a year. Although McCorkle acknowledges that she knew Hastings was a witness to her fall, she asserts in her brief on appeal that she "did not know exactly the substance of Hastings' testimony *in toto*."

McCorkle cites ***Schaefer v. Larsen***, 688 S.W.2d 430 (Tenn. App. 1984), in support of her argument. In ***Schaefer***, the Court stated:

> we are not at all satisfied that the strict requirement of rules regarding newly discovered evidence should be applied to the matter of summary judgments. In matters of newly discovered evidence, the parties have already had *a trial*. The parties are entitled to one trial. The basic purpose of courts and judges is to afford the citizenry a public forum to air disputes. . . . [I]n the matter of the reconsideration of the granting of a summary judgment motion, the party is only seeking that which he is basically entitled to--a first trial. We are of the opinion that when a summary judgment has been granted because the case at that point presented no facts upon which a plaintiff can recover, but prior to that judgment becoming final, the plaintiff is able to produce by motion facts which are material and are in dispute, the motion to alter or amend the judgment should be looked upon with favor, as the purpose of the summary judgment procedure is not to abate the trial docket of the Trial Court, but only to weed out cases for trial in which there is no genuine issue of fact.

***Schaefer***, 688 S.W.2d at 433-34 (citation omitted). Therefore, because Hastings's testimony was purportedly discovered after summary judgment, rather than after trial, McCorkle argues that the trial court erred in not granting the motion for relief from judgment.

The County argues that relief from judgment on the basis of newly discovered evidence requires a finding that the evidence could not have been discovered through the exercise of reasonable diligence. In support of this position, the County cites ***Spence v. Allstate Ins. Co.***, 883 S.W.2d 586 (Tenn. 1994). In ***Spence***, a divorced couple held title to a house as tenants by the entirety. They sued their insurer for the proceeds under their fire insurance policy. The insurer denied payment on the grounds the former wife was responsible for setting the fire that caused the

---

[1]Under the Federal Rule, a motion to alter or amend the judgment "must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.'" ***North River Ins. Co. v. CIGNA Reinsurance Co.***, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). The motion should not "present evidence which was available but not offered at the original motion or trial." ***Natural Resources Defense Council***, 705 F. Supp. 698, 702 (D.D.C. 1989) (citing cases).

damage. *Id.* at 589. Because the parties' interests were not separate, the insurer asserted that the former wife's actions barred the former husband from recovering proceeds from the policy. After trial, the insureds filed a motion under Rule 60.02 for relief from the judgment on grounds of newly discovered evidence concerning the identity of the person responsible for setting the fire. *Id.* at 595. In support of this motion, the former wife stated in an affidavit that, until June 1993, she was unaware of another party who could have been responsible for setting the fire. The former wife's affidavit conflicted with her deposition, taken in October 1991, in which she indicated she had suspicions concerning the person mentioned in the affidavit. The Court found that the new evidence was not "newly-discovered," and opined that the former wife's decision to not accuse another party of setting the fire appeared to be a tactical decision. The Court further stated that "even if the evidence was in some sense newly-discovered, relief from a judgment on the basis of such evidence may only be granted where the evidence could not have been discovered through the exercise of reasonable diligence." *Id.* at 596.

In this situation, the *Spence* and *Schaefer* decisions can be reconciled. As noted by the trial court, relief from the judgment is granted only where there is newly-discovered evidence which could not have been discovered through the exercise of reasonable diligence. *See Spence*, 883 S.W.2d at 596; *Collins*, 916 S.W.2d at 945. However, the trial court's determination of whether the evidence constitutes "newly-discovered evidence" must be made in light of the fact that the judgment from which relief is sought is summary judgment, rather than judgment following a trial. Therefore, the motion for relief and the assertion of "newly-discovered evidence" must be "looked upon with favor" by the trial court. *See Schaefer*, 688 S.W.2d at 433.

As a movant, McCorkle had the burden of demonstrating that the "new" evidence was not known at the time the summary judgment motion was heard, and "that it could not have been ascertained by the exercise of reasonable diligence." *Collins*, 916 S.W.2d at 945. McCorkle's appellate brief states only that McCorkle "did not know exactly the substance of Hastings' testimony, *in toto*." The motion for relief from judgment submitted by McCorkle includes only Hastings' affidavit, with no indication in the record that McCorkle did not have actual knowledge of the extent of Hastings' knowledge. Even if we were to assume *arguendo* that McCorkle did not have actual knowledge of Hastings' knowledge of the length of time the tears had been in the carpet, the record contains no indication that this information "could not have been ascertained by the

6

exercise of reasonable diligence." *Id.*  Looking upon McCorkle's motion with favor, pursuant to *Schaefer*, does not absolve McCorkle of the obligation to present evidence that the information could not have been discovered with reasonable diligence.

In this case, well prior to summary judgment, McCorkle was aware that Hastings was a witness, and indeed is even remotely related to Hastings.  It was McCorkle's responsibility to discover the extent of Hastings' knowledge before the entry of summary judgment. McCorkle failed to carry the burden of demonstrating that she could not have discovered Hastings' knowledge of the age of the tears in the carpet "through the exercise of reasonable diligence." *Spence*, 883 S.W.2d at 596.

Therefore, regardless of whether the standard of review for the trial court's denial of the motion for relief from judgment is *de novo* or reversal only upon a finding of abuse of discretion, McCorkle failed to proffer any reason why Hastings' knowledge of the age of the tears in the carpet could not, in the exercise of reasonable diligence, have been discovered prior to the entry of summary judgment. Consequently, we find no error in the trial court's denial of the motion for relief from judgment.

The decision of the trial court is affirmed.  Costs are assessed against the Appellant, for which execution may issue if necessary.


_____
                                    HOLLY KIRBY LILLARD, J.

CONCUR:


_____
ALAN E. HIGHERS, J.


_____
DAVID R. FARMER, J.

7