## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**BRUCE KENNEDY & MARVIN NEAL,** **)** From the Wilson County Circuit Court
**)** at Lebanon, Tennessee
Plaintiffs/Appellees, **)**
**)** The Honorable Clara Byrd, Judge
**)**
**vs.** **)**
**)** Wilson Circuit No. 10547
**BETTY SUE TRAMMEL and** **)** Appeal No. M1999-00538-COA-R3-CV
**JOHN TRAMMEL,** **)**
**)** **AFFIRMED**
Defendants/Appellants. **)**

# FILED

**November 10, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**)** Richard J. Brodhead
**)** Lebanon, Tennessee
**)** Attorney for Appellants
**)**
**)** Robert Evans Lee
**)** Amanda G. Crowell
**)** Lebanon, Tennessee
**)** Attorneys for Appellees

## MEMORANDUM OPINION[1]

Betty Sue and John Trammel ("Defendants") have appealed the lower court's refusal to grant a new trial in this unlawful detainer suit. Based upon the following, we affirm the ruling of the lower court.

### Facts and Procedural History

This action was originally commenced as a unlawful detainer action in the General Sessions Court of Wilson County, Tennessee. Judgment in the matter was entered against Defendants. Defendants' subsequent appeal to the Circuit Court and Motion for a New Trial

were unsuccessful. Defendants appeal the lower court's refusal to grant their Motion for New Trial based on the facts set forth below.

On May 5, 1990, Defendants signed a note for $26,000 at Wilson Bank and Trust in Lebanon, Tennessee. The security for this note was property located on Park Avenue in Lebanon.[2] On August 9, 1993, Defendants filed for bankruptcy in the Bankruptcy Court for Middle Tennessee. Defendants' bankruptcy petition was later dismissed for failure to make required payments. On September 9, 1993, Bruce Kennedy and Marvin Neal ("Plaintiffs") purchased the properties located on Park Avenue at a foreclosure sale.

Plaintiffs took no further action regarding the Park Avenue properties until May 1998. During the intervening period, Defendants continued to occupy the house. No rent or mortgage payments were paid during this period. Plaintiffs did not visit the Park Avenue property during this interval.

On May 7, 1998, Plaintiffs filed an unlawful detainer warrant against Defendants in the Wilson County General Sessions Court. This warrant alleged that Defendants were unlawfully holding and detaining the Park Avenue properties. Judge Robert Hamilton found in favor of Plaintiffs on September 6, 1998. Defendants appealed the judgment to the Circuit Court. In the Circuit Court, Judge Clara Byrd affirmed the lower court judgment and subsequently denied Defendants' Motion for a New Trial.[3] Defendants appeal the denial of their Motion for New Trial to this court.

On appeal, Defendants assert that the foreclosure on the Defendants' property was not valid and that Defendants were denied a fair trial due to their mental abilities, education, and lack of legal counsel.[4] Plaintiffs assert that the only issue is whether the trial court erred in failing to grant Defendants' Motion for New Trial.

**Analysis**

As a preliminary matter, we find that only the issue of whether the trial court erred by denying Defendants' motion for new trial is properly before the court.[5] Issues not raised in the trial court cannot be raised for the first time on appeal. See Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991). Arguments not asserted at trial are deemed waived on appeal. Devorak v. Patterson, 907 S.W.2d 815, 818 (Tenn. App. 1995).

## Motion for New Trial

On appeal, Defendants assert that the trial court erred in failing to grant their motion for new trial in the underlying action. Defendants' counsel bases this appeal primarily on the ineptness of his clients and their lack of formal education. For the following reasons, we are unpersuaded by Defendants' arguments regarding the issues.

A trial court is given wide latitude in granting a motion for new trial, and a reviewing court will not overturn such a decision unless there has been an abuse of discretion. Loeffler v. Kjellgren, 884 S.W.2d 463, 468 (Tenn. App. 1994). In other words, the refusal to grant a motion for new trial is a discretionary decision of the trial judge. Esstman v. Boyd, 605 S.W.2d 237, 240 (Tenn. App. 1979); Seay v. City of Knoxville, 654 S.W.2d 397, 398-399 (Tenn. App. 1983); Miller v. Altman Const. Co., 666 S.W.2d 466, 468 (Tenn. App. 1983). On appeal, our review is limited to determining whether the trial court abused its discretion in making this decision. Herbert v. Brazeale, 902 S.W.2d 933, 936 (Tenn. Ct. App.1995); Ladd by Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83, 104 (Tenn. App. 1996). Under this standard, Defendants must prove that the lower court abused its discretion by failing to grant their Motion for New Trial.

Defendants based their Motion for New Trial on four separate grounds: the court's lack of knowledge of all facts and evidence; Defendants' lack of counsel; court error regarding ownership and status of the property at issue; and newly discovered evidence. The lower court heard Defendants' argument regarding these issues and refused to grant the motion.

## A. Newly discovered evidence

Three of Defendants' arguments, the court's alleged lack of knowledge of all facts and evidence, the alleged court error regarding ownership and status of the property, and the alleged newly discovered evidence, all reiterate the same issue. In order to simplify Defendants' allegations, we treat these issues together as a motion for new trial based on newly discovered evidence.

In a motion for new trial based on newly discovered evidence, the moving party must demonstrate that the new evidence was not known prior to or during trial. Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. App. 1995) citing Leeper v. Cook, 688 S.W.2d 94 (Tenn. App.1985). The moving party must also show that it exercised due diligence in attempting to obtain the evidence prior to trial. Brown v. Weik, 725 S.W.2d 938 (Tenn. App.1983). Even if the moving party meets this burden, the trial judge must still consider whether a new trial based on such evidence would change the result. Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. App. 1995).

Defendants are unable to present any new evidence that was not known to them or that could not have been known to them through the exercise of reasonable diligence. Seay v. City of Knoxville, 654 S.W.2d 397, 398-399 (Tenn. App. 1983). Defendants have failed to

meet the burden required in a motion for new trial based on newly discovered evidence. The trial court did not err in failing to grant Defendants' motion for new trial based on newly discovered evidence.

## B. Lack of Counsel

Defendants argue that they were not represented by counsel in the detainer action tried in the General Sessions Court and Circuit Court on appeal. Defendants now rely on their own failure to seek counsel as a basis for their motion for new trial. Defendants assert that their lack of counsel should entitle them to the grant of a new trial. Defendants obtained counsel after they failed to prevail at the trial level on two separate occasions. No party is required to secure counsel, and the failure to do so does not entitle a party to a new trial. There is no absolute right to counsel in a civil trial. Lyon v. Lyon, 765 S.W.2d 759, 763 (Tenn. App. 1988).

Defendants' have failed to present any facts or arguments at law that support a finding that Judge Byrd's ruling was an abuse of discretion. Accordingly, we find that the lower court did not err by denying Defendants' Motion for New Trial.

**Conclusion**

For the foregoing reasons, the lower court's denial of Defendants' Motion for New Trial is affirmed. Costs of this appeal are taxed to Defendants, for which execution may issue if necessary.

_____ _____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
LILLARD, J.