IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 20, 2004

## KRISHNALAL J. PATEL, ET AL. v. DILEEP PATEL

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2661     Walter C. Kurtz, Judge**

---

**No. M2003-00375-COA-R3-CV - Filed April 7, 2004**

---

This appeal involves a dispute among the members of a general partnership. In 1997, a group of the partners sued one of the partners in the Chancery Court for Davidson County for negligence and breach of fiduciary duty. The trial court granted a judgment for the defendant partner in 2000. In 2001, the same group of partners filed a similar suit in the Circuit Court for Davidson County. The defendant partner moved to dismiss on the grounds of res judicata. The trial court converted the motion to dismiss into a motion for summary judgment and then granted judgment for the defendant partner on the ground that the 1997 chancery court judgment barred the second state court suit. The plaintiff partners have appealed. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellants, Krishnalal Patel, Vijay Patel, Chilakammari Yeshwant, Mohammad Ghani, Sushil Bagri, Pradeep Kakkad, and Shashan Natarajan.

Daniel D. Warlick, Nashville, Tennessee, for the appellee, Dileep Patel.

### OPINION

In 1985, Krishnalal Patel, Vijay Patel, Chilakammari Yeshwant, Mohammad Ghani, Sushil Bagri, Pradeep Kakkad, Shashan Natarajan, and Dileep Patel formed a Tennessee general partnership called "SREE General Partnership." The purpose of the partnership was to own and operate an Econo Lodge on Murfreesboro Road in Nashville. Krishnalal Patel was named managing partner.

In 1993, the partnership entered into an agreement with Jacqubhai (Jack) K. Champaneria to lease and manage the Econo Lodge for a term of one year. Dileep Patel signed the agreement on behalf of the partnership, and it is undisputed that all the other partners had agreed to the lease with Mr. Champaneria. Mr. Champaneria permitted the condition of the property to deteriorate substantially during the term of the lease. In addition, a hailstorm of negative publicity swirled

around the motel after one of its guests was shot and killed on the property. Mr. Champaneria abandoned the motel a few months after the shooting.

In mid-April 1994, Dileep Patel informed his partners that he was leaving the motel and that he intended to close it. Later than month, he filed a lawsuit in the name of the partnership against Mr. Champaneria for his alleged mismanagement of the property and for the potential liability to the partnership stemming from the fatal shooting of the guest.[1] Dileep Patel later left the country without informing the other members of the lawsuit against Mr. Champaneria. In May 1995, Dileep Patel's lawsuit was dismissed for failure to prosecute. In September 1996, the other partners, unaware of Dileep Patel's earlier lawsuit, filed another lawsuit against Mr. Champaneria. The trial court dismissed this lawsuit on the ground that it was barred by the doctrine of res judicata.

In December 1997, more than one year after the filing of the second lawsuit against Mr. Champaneria, the remaining partners filed suit against Dileep Patel in the Chancery Court for Davidson County, asserting negligence and breach of fiduciary duty. The chancery court conducted a bench trial and entered a judgment for Dileep Patel. We affirmed this decision. *Patel v. Patel*, M2000-00583-COA-R3-CV, 2001 WL 487568 (Tenn. Ct. App. May 9, 2001) (No Tenn. R. App. P. 11 application filed).

Apparently dissatisfied with the outcome of their state court appeal, the remaining partners decided to try their luck in the federal courts. On May 21, 2001, less than two weeks after this court rendered its decision in *Patel v. Patel*, the partners filed another suit for breach of fiduciary duty against Dileep Patel in the United States District Court for the Middle District of Tennessee. Given the obvious lack of diversity of citizenship, the District Court dismissed the complaint for lack of jurisdiction.

At this point, the remaining partners decided to try again in the state courts. On August 31, 2001, approximately two weeks following the District Court's dismissal of their breach of fiduciary duty case, they filed a second state court lawsuit against Dileep Patel for breach of fiduciary duty in the Circuit Court for Davidson County. Predictably, Dileep Patel responded by filing a motion to dismiss on the basis of, *inter alia*, the doctrine of res judicata. He argued that the remaining partners' 1997 lawsuit for breach of fiduciary duty and negligence – which they lost both in the trial court and on appeal – precluded them from re-litigating the issue of his alleged breach of fiduciary duty in the present case. The trial court converted Mr. Patel's motion to dismiss into a motion for summary judgment because of attached affidavits and granted summary judgment in favor of Mr. Patel on grounds of res judicata. The remaining partners have appealed.

Res judicata is a claim preclusion doctrine that promotes finality in litigation. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns*, 168 Tenn. 525, 536-37, 79

---

[1] The partnership eventually settled a lawsuit brought by the estate of the deceased for $453,078.98. This lawsuit was one of several brought against the partnership as a result of Mr. Champaneria's alleged mismanagement of the premises.

S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Brown v. Brown*, 29 S.W.3d 491, 495 (Tenn. Ct. App. 2000); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995). In order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits. *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989); *Lewis v. Muchmore*, 26 S.W.3d 632, 637 (Tenn. Ct. App. 2000).

We have reviewed the complaints in the present case and the 1997 lawsuit, as well as the record on appeal. All of the issues raised in the present case are ones that were or could have been raised in the 1997 lawsuit. We therefore agree with the trial court that the remaining partners' circuit court lawsuit is barred by the doctrine of res judicata.

We affirm the judgment and remand the case to the trial court. We tax the costs of this appeal, jointly and severally, to Krishnalal Patel, Vijay Patel, Chilakammari Yeshwant, Mohammad Ghani, Sushil Bagri, Pradeep Kakkad, and Shashan Natarajan; and Phillip L. Davidson, surety, for which execution may issue, if necessary.

 

 
_____
WILLIAM C. KOCH, JR., P.J., M.S.