IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2007 Session

## STATE OF TENNESSEE EX REL. SHERON L. JONES V. MARTIN LEON MAY

**Appeal from the Juvenile Court for Anderson County**
**No. J-12562     April Meldrum, Judge**

---

**No. E2007-01431-COA-R3-JV  - FILED JUNE 27, 2008**

---

Martin Leon May ("Father") appeals an order of the trial court directing him to pay interest on a child support obligation. We hold that the doctrine of *res judicata* precludes the imposition of interest in this case. Accordingly, we reverse the order of the trial court entered May 24, 2007, *nunc pro tunc* November 14, 2006.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

John D. Lockridge, Jr., and Sammi S. Maifair, Knoxville, Tennessee, for the appellant, Martin Leon May.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee ex rel. Sheron L. Jones.

**OPINION**

I.

In 1989, the State of Tennessee,[1] on the relation of Sheron L. Jones ("Mother"), filed a petition seeking to establish that Father was the father of Mother's then three-year-old son ("the child"). Thereafter, blood tests conclusively established Father's paternity. On October 29, 1990, the juvenile court referee  entered an order setting Father's monthly child support obligation. The

---

[1] The State of Tennessee is providing child support enforcement services to Mother pursuant to Title IV-D of the Social Security Act, 42 U.S.C. §651, et seq., and Tenn. Code Ann. § 71-3-124(c) (2004).

order was subsequently adopted by the trial court. Over the years that followed, the trial court entered numerous orders quantifying varying past due support amounts. The last relevant order was entered on March 14, 2005, at which time the trial court relieved Father of his regular child support obligation,[2] but held that he owed an arrearage of $7,777.42, as of December 31, 2004, calculated through May 2004.[3]

The assignment of Father's wages was terminated by the State of Tennessee Department of Human Services ("DHS") on December 14, 2005. Around this time, the State reported to credit reporting agencies that Father's child support debt had been discharged.[4]

Approximately three months later, on March 27, 2006, DHS issued to Father's employer an "original order/notice to withhold," requesting a wage assignment of $875 per month. Four days later, an administrative order was filed with the trial court by DHS, asserting that Father was "in arrears on [his] INTEREST on child support payments in the amount of $29,649.91" as of March 28, 2006. (Capitalization in original.) Father claims that he never received notice of these orders.

On June 14, 2006, a petition for civil contempt was filed, alleging that Father was in violation of the March 2006 administrative order, which required him to make monthly payments of $875 per month. Following a hearing on November 14, 2006, the trial court entered an order on December 21, 2006, finding that Father owed interest on his child support obligation back to 1992, but ordering the State to recalculate it "using prime rate plus 5% in accordance with the civil statute for pre-judgment interest for any interest accruing prior to the effective date of the 12% interest on child support statute." There is no transcript of the November 14, 2006, hearing due to a malfunction of the court reporter's transcribing equipment.

On December 29, 2006, Father filed a motion requesting that the court rehear the petition for civil contempt and to set aside the December 21, 2006 order. Father filed a motion for stay pending appeal, requesting that no further action be taken until such time as there was a final resolution of this matter. On May 24, 2007, a supplemental order was entered by the trial court pursuant to Tenn. R. Civ. P. 58, *nunc pro tunc* to November 14, 2006, finding that the total amount of interest due was $44,117.88 as of January 31, 2006. The trial court subsequently denied both of Father's pending motions. The court found that interest was owed, but that Father could submit his own accounting information disputing the methodology by which it was calculated. The court further provided that payments by Father would be held in escrow pending the resolution of this appeal.

---

[2] The child had reached the age of majority.

[3] The court also held that Father owed Mother $1,303.60 for medical expenses of the child. This ruling is not at issue on this appeal.

[4] At trial, Father presented a "12/2005" credit report that reflected "TN DHS" and "ACCOUNT PAID." (Capitalization in original.)

II.

Father raises the following issue, as taken verbatim from his brief:

> Whether it was error for the Court to assess additional interest against the Appellant after the Department of Human Services terminated the child support order, the State of Tennessee discharged his debt with the credit reporting agencies, and the total amount of arrears was frequently quantified in various Orders.

The State raises the following issues, taken verbatim from its brief:

> 1. Whether the father owes interest on child support arrears calculated by the Department of Human Services.
>
> 2. Whether the Department of Human Services is barred from pursuing the interest owed on child support arrears.

III.

We review the trial court's factual findings *de novo*, according those findings a presumption of correctness unless the evidence preponderates against them. Tenn. R. App. P. 13(d); ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001). As to the trial court's legal conclusions, we conduct our review under "a pure de novo standard of review, according no deference to the conclusions of law made by the lower courts." ***S. Constructors, Inc. v. Loudon County Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001) (underlining in original).

IV.

Pursuant to Tenn. Code Ann. § 36-5-101(f)(1) (Supp. 2007),

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date when the ordered support is due, the unpaid amount is in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage, at the rate of twelve percent (12%) per year. All interest that

accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

The relevant child support order is the one entered March 14, 2005. A court speaks through its orders and judgments. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). By this order, the trial court established Father's child support arrearage at $7,777.42. The doctrine of *res judicata* prevents a re-examination of "all matters material to the decision of the case which the parties exercising reasonable diligence might have brought forward at the [earlier] time." ***Collins v. Greene County Bank***, 916 S.W.2d 941, 946 (Tenn. Ct. App. 1995). The doctrine is implicated when (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See* ***Lee v. Hall***, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). In the case before us, no one questions the jurisdiction of the trial court; the order of March 14, 2005, was on the merits, was not appealed from, and, with the passage of time, became final; the parties have been the same throughout this case; and the issue is and always has been that of child support. We hold that the March 2005 order covered the subject matter of the arrearage and is conclusive as to the *total* amount of Father's obligation as of the date of the order's entry, *i.e.*, March 14, 2005. Accordingly, the March 2005 order is *res judicata* as to the arrearage issue. The court cannot go behind that order. Father's *total* obligation as of March 14, 2005, is as stated in the order of that date. It is clear from the record, that this obligation has been paid in full. On the subject of periodic child support, Father has no further obligation to Mother or the State. Therefore, the "interest" determination by the trial court was erroneous and must be reversed.

V.

The judgment of the trial court is reversed and the State's petition is dismissed with full prejudice. Costs on appeal and at the trial court level are assessed to the appellee, State of Tennessee ex rel. Sheron L. Jones. This case is remanded to the trial court for collection of the costs at the trial court level, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE